Chief Justice Robertsom
delivered the Opinion of the Court.
In 1828, Richard Brewer sold and conveyed to Philip Peed 100 acres of land, received 'a part of the, consideration, and took his promissory note for the residue. Peed afterwards filed a bill in chancery for a rescission of the contract, because, as he alleged, fifteen acres of the land, without which he would not have made the purchase, had been conveyed by Brewer to one Tewel, in 1825, and that Brewer had fraudulently concealed that fact, and had represented himself as the owner of the whole 100 acres. In an amended bill, he alleged that he bad ascertained that the fifteen acres mentioned in his bill had been conveyed to Tewell in consideration of a conveyance by him to Brewer, of fifteen acres adjoining the 100 acres, and including improvements which he supposed that he had bought, but which his deed, as written, did not include. He therefore sought a specific execution of the alleged parol contract for 100 acres, including the last described fifteen acres, and excluding the fifteen acres mentioned in the original bill, which he proposed to relinquish.
Brewer admitted in his answer that he had sold, and had thought that he had conveyed to Peed, 100 acres including the fifteen acres described in the amended bill; stated that he was illiterate, and that *231 the person who wrote the deed had, as he supposed, by inadvertently copying the houndary described in the deed to him (Brewer) for the tract of 100 acres as held by him prior to his exchange of fifteen acres thereof for the fifteen acres mentioned in the amended bill, included the fifteen acres conveyed by him to Tewel and omitted the fifteen acres conveyed to him by Tewell; he averred that he was willing that the mistake should be corrected by a release to him of the fifteen acres which were improperly included in his deed to Peed, and by a conveyance by himself to Peed of the oilier fifteen acres which had been omitted through mistake, but insisted that Peed should pay to him what remained due of the consideration, before the deed for the last mentioned fifteen acres should lie made; and for enforcing his lien on the whole tract of land he made his answer a cross bill, which was never answered.
If answer admit a sale of land, it is proper to decree a conveyance of it, although the^e be no memorandum in writing of the sale.
To decree a specific execution of a contract for the conveyance of land without requiring the payment of the purchase money which is due, is error.
On the hearing, the circuit court decreed that Brewer should convey to Peed, and that Peed should relinquish to him, according to the prayer in the amended bill and in the cross bill;' but did not decree the payment of so much of the purchase money as remained due. This writ of error is prosecuted to reverse that decree.
Although there was no memorandum in writing showing that the fifteen acres mentioned in the amended bill, had been sold by the plaintiff to the defendant, nevertheless, as the alleged sale was admitted in the answer, a correction of the mistake in the deed, and a specific execution of the original agreement as understood by the parties, were just, and proper. But the circuit court erred in decreeing a specific execution without requiring the payment of what Was due from the defendant to the plaintiff for the land.
The amount remaining due, including current interest (for no tender was alleged or proved,) should be paid before the vendor should be compelled to part with his title, and the circuit, court must, on the return of the cause, ascertain the amount to which the plaintiff is entitled, and then give the defendant a day for paying it, and, if he fail to make the pay *232 ment, the plaintiff’s lien should he enforced by decreeing the sale of the land. But if the money shall be paid, the contract, as sought to be enforced, should be carried into effect in the manner directed bv the,decree which is about to be reversed.
If A who, ns a vendee under an executory contract, has been in possession of land for 17 years, enter into an agreement with B, (an adversary claimant,) bi which lie surrenders to B the possession, and. then
John Trimble, for plaintiff.
Although the plaintiff could not have been com-to modify or alter the contract as exhibited by the deed, vet as defendant .might have been entitled to a rescission of the contract, or to damages, and as there is some testimony tending to show that the plaintiff was unwilling, prior to the filing of the bill against him, to correct the mistake in the deed, and there is no proof of a tender by the defendant, each party must be deemed to have been in equal fault, and therefore there should be no decree-for costs in the circuit court.
Decree reversed, and cause remanded for proceedings and decree consistent with this opinion. The plaintiff must have his costs in this court.